KATHERINE O'DONNELL, as Administratrix of the Estate of CHARLOTTE MCPHERSON, Deceased, Appellant, v. KATHRYN M. KILEY, as Executrix of JOSEPH L. KILEY, Deceased, Respondent.— Appeal from a judgment of the Supreme Court entered in Saratoga County on June 16, 1952, based upon a jury verdict of no cause of action in a negligence case. Plaintiff's intestate was struck by an automobile owned and driven by Joseph L. Kiley, deceased, while she was walking across Broadway in Saratoga Springs, near the corner of Division Street. It was a rainy night. There was no traffic control signal at the corner. All of the evidence tends to establish that plaintiff's intestate was walking at a normal rate for an elderly lady from east to west within the marked lines of a crosswalk, and had reached a point slightly to the west of the center of the street when she was struck by the car which was proceeding south, knocked to the pavement and sustained severe injuries from which she died twelve days later; that the car had just started from a parked position a short distance to the north and had accelerated to twenty to twenty-five miles per hour; and that the driver of the car did not see plaintiff's intestate at all until about the same time the car struck her. There is no substantial dispute as to these facts. We think the verdict was against the weight of evidence and should be set aside. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.

VINCENT D. URBAN, an Infant, by VINCENT P. URBAN, His Guardian ad Litem, et al., Respondents, v. DOMINIO J. RAVIDA et al., Appellants, et al., Defendant.— Appeal by defendants-appellants Ravida from an order of Supreme Court, Albany County, setting aside a verdict for $375 in favor of infant plaintiff on the ground of inadequacy and directing a new trial of the infant's action severed from the other above-entitled actions. The infant's injuries consisted of a fracture through the shaft of the collarbone on the right side with an upward angulation of about thirty degrees and an impaction of the under surface of the fracture with a noticeable deformity. There were also bruises and contusions over the shoulder and at the base of the neck. The arm was immobilized for five weeks by means of a clavicle belt and in a sling for several weeks thereafter. Use of the arm and shoulder was regained without residual damage, except a slight deformity due to a callous formation, probably temporary in character. The trial court properly exercised his authority in setting the verdict aside as so inadequate as to shock his conscience. Order unanimously affirmed, with $10 costs and disbursements. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.